IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ANDREA AUDISH,** individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**AMERICAN EXPRESS COMPANY,** a New York corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff Andrea Audish ("Audish" or "Plaintiff") brings this Class Action Complaint against Defendant American Express Company ("American Express" or "Defendant") to stop Defendant's practice of having pre-recorded debt collection calls to the telephones of consumers nationwide, including to those who advised Defendant that they did not owe the debt and who asked Defendant to stop calling, and to obtain redress for all persons injured by Defendant's conduct. Plaintiff also seeks an award of statutory damages to the members of the alleged Classes, plus court costs and reasonable attorneys' fees as set forth herein.

**PARTIES**

2. Plaintiff Audish is a natural person over the age of eighteen (18) who resides in Pearland, Brazoria County, Texas.

3. Defendant American Express is a for profit corporation organized and existing under the laws of the State of New York. Defendant's primary place of business and corporate headquarters is located in New York, NY.

**JURISDICTION & VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action raises a question of federal law under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members, when aggregated together, exceeds $5 million. Further, none of the exceptions to CAFA apply.

5. This Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant solicits significant business in this District, resides and is headquartered in this District, has entered into business contracts in this District, and a substantial part of the events or omissions giving rise to the claim occurred in or emanated from this District.

**COMMON ALLEGATIONS OF FACT**

6. American Express is a multinational financial services company headquartered in Manhattan.

7. Part of American Express's business is to issue credit cards to businesses nationwide.

8. Unfortunately for consumers, American Express is careless with its debt collection practices. That is, in an attempt to collect past due credit card debt, Defendant makes repeated pre-recorded telephone calls to consumers' telephones even if the consumer does not owe the debt and even if the consumer has advised American Express to stop calling.

9. Defendant's pre-recorded calling practices violates the TCPA.

10. At no time did Defendant obtain prior express consent from Plaintiff and the Class to receive the calls at issue. Further, Defendant does not stop calling even after any supposed prior express consent was obtained.

11. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the alleged Class, it intentionally and repeatedly violated the TCPA in the process.

## FACTS SPECIFIC TO PLAINTIFF

12. Plaintiff is the owner and customary user of a personal cellular telephone number ending in 4440.

13. Until September 2016, Plaintiff was an employee of a company named Laser Prostate Centers of America ("LPCA"). As part of her work with LPCA, the company gave Plaintiff a company credit card to use for business expenses necessary for her job. This credit card was issued by American Express.

14. When Plaintiff left LPCA in September 2016, she naturally turned the credit card into her employer and has not had access to the card since that time.

15. Even though Plaintiff stopped working for American Express in September 2016, American Express began repeatedly calling her in 2019 for debt collection purposes related to the LPCA credit card.

16. Each of the 2019 calls featured an artificial or pre-recorded voice.

17. On several occasions, Plaintiff followed the prompts on the call and pressed a button to be connected with an operator. Upon being connected, Plaintiff explained that she did not owe the debt and that American Express should stop calling.

18. Eventually American Express did stop calling, but began calling again in 2020. Once again Plaintiff answered one or more of the 2020 calls, heard an artificial or pre-recorded

3

voice, and followed the prompts to be connected to an operator, explain the situation, and ask that the calls stop.

19. Yet American Express has continued to call, including on March 16, 2021 and on April 15, 2021. Both of these calls featured an artificial or pre-recorded voice.

20. The April 15, 2021 pre-recorded call stated "This is the American Express account protection services. This is not a sales call. Please return this call at 1-888-800-5234 or by the phone number on the back of your card. We are available 24 hours a day every day. Please call us back at your earliest convenience. Thank you."

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and the Classes defined as follows:

> **No Consent Class**: All persons in the United States from four years prior to the filing of this action through the date notice is sent to the Class who (1) Defendant, or a third person acting on behalf of and/or for the benefit of Defendant, called; (2) on the person's telephone; (3) for the purpose of collecting a debt; (4) using an artificial or pre-recorded voice; and (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.
>
> **Stop Calling Class:** All persons in the United States from four years prior to the filing of this action through the date notice is sent to the Class who (1) Defendant, or a third person acting on behalf of and/or for the benefit of Defendant, called; (2) on the person's telephone; (3) for the purpose of collecting a debt; (4) using an artificial or pre-recorded voice; and (5) after the person advised Defendant that they did not owe the debt Defendant was calling about or that they wished for the calls to stop.

22. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose

claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiffs anticipate the need to amend the class definitions following appropriate discovery regarding, *inter alia*, the size of the class, the equipment used to dial Plaintiffs, and the manner by which Defendant claim any prior express consent was obtained to call Plaintiffs.

23. **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant or its agents have placed autodialed calls to thousands of consumers who fall into the defined Classes. The exact number of members of the Classes can be identified through Defendant's records (and the records of third parties) and by reference to other objective criteria.

24. **Typicality:** Plaintiffs' claims are typical of the claims of other members of the Classes in that Plaintiffs and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct.

25. **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiffs and their counsel have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs.

26. **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions go to the very heart of the litigation and predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant and/or its agents made the calls using an artificial or pre-recorded voice;

    (c)    Whether Defendant systematically made calls to telephone users who did not previously provide prior express consent;

    (d)    Whether the calls were for debt collection purposes;

    (e)    Whether Defendant honored "stop calling" requests; and

    (f)    Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

27.    **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Classes so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

28.    **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action

presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the No Consent Class)**

29. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

30. Defendant made prerecorded calls to cellular and residential telephone numbers belonging to Plaintiff and other members of the No Consent Class without first obtaining prior express consent to receive such calls.

31. By making the prerecorded calls to Plaintiff and members of the No Consent Class without their prior express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A) and § 227(b)(1)(B).

32. The calls were for debt collection purposes.

33. As a result of Defendant's conduct, Plaintiff and the other members of the No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

34. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

35. To the extent third parties placed the calls, Defendant knowingly received the benefits of such calls and ratified the calls.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the Stop Calling Class)**

36. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37. Defendant made unsolicited and unwanted debt collection calls which featured an artificial or pre-recorded voice to telephone numbers belonging to Plaintiff and the other members of the Stop Calling Class *after* the persons informed American Express that they did not owe the debt American Express was calling about and informed American Express that they no longer wished to receive calls from American Express.

38. By making unsolicited pre-recorded telephone calls to Plaintiff and members of the Stop Calling Class *after* they requested to no longer receive calls, American Express violated 47 U.S.C. § 227(b)(1)(A)(iii).

39. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Pre-recorded Stop Calling Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

40. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the Classes, prays for the following relief:

  A. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes, and appointing her counsel as Class Counsel;

  B. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation ($1,500.00 for each willful violation), whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

  C. An order declaring that Defendant's actions, as set out above, violate the TCPA;

  D. An order declaring that Defendant's actions, as set out above, were willful, and awarding treble damages;

  E. An injunction requiring Defendant to cease all unsolicited calling activities, and otherwise protecting the interests of the Class;

  F. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

  G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**Andrea Audish**, individually and on behalf of those similarly situated individuals

Dated: November 29, 2021  By: __/s/ Jeffrey S. Arons__

Jeffrey S. Arons
ja@aronslaw.net
Arons & Arons, LLC
76 South Orange Ave., Suite 100

South Orange, New Jersey 07079
Telephone: (973) 762-0795
Facsimile: (973) 762-0279

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E Mexico Avenue, Suite 300
Denver, CO 80210
Tel: 720.213.0675
Fax: 303.927.0809


*Pro hac vice application to be filed