UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
ANDREA AUDISH, individually and on behalf of all others similarly situated,

      Plaintiff,

  v.

AMERICAN EXPRESS COMPANY, a New York corporation,

      Defendant.
------------------------------------------------------------- x

: Case No.: 1:21-cv-10127-GHW-OTW
:
: **ANSWER TO COMPLAINT AND**
: **AFFIRMATIVE DEFENSES OF**
: **AMERICAN EXPRESS NATIONAL**
: **BANK**

  American Express National Bank ("American Express"), erroneously named as American Express Company, hereby answers the Complaint filed by Andrea Audish ("Plaintiff") as follows:

  1. Plaintiff Andrea Audish ("Audish" or "Plaintiff") brings this Class Action Complaint against Defendant American Express Company ("American Express" or "Defendant") to stop Defendant's practice of having pre-recorded debt collection calls to the telephones of consumers nationwide, including to those who advised Defendant that they did not owe the debt and who asked Defendant to stop calling, and to obtain redress for all persons injured by Defendant's conduct. Plaintiff also seeks an award of statutory damages to the members of the alleged Classes, plus court costs and reasonable attorneys' fees as set forth herein.

  **RESPONSE:** **American Express National Bank ("American Express"), erroneously sued as American Express Company, admits that Plaintiff purports to bring this putative class action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), but denies that it violated the TCPA and denies that Plaintiff and the putative class are entitled to any relief whatsoever from American Express.**

## PARTIES

2. Plaintiff Audish is a natural person over the age of eighteen (18) who resides in Pearland, Brazoria County, Texas.

**RESPONSE:** **American Express states that Paragraph 2 contains no allegations directed toward American Express and, therefore, it neither admits nor denies the allegations contained therein. To the extent a further response is required, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, on that basis, denies the allegations contained therein.**

3. Defendant American Express is a for profit corporation organized and existing under the laws of the State of New York. Defendant's primary place of business and corporate headquarters is located in New York, NY.

**RESPONSE:** **American Express admits that it is a national bank with its main office in Utah. Except as expressly admitted, American Express denies the allegations in Paragraph 3.**

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action raises a question of federal law under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members, when aggregated together, exceeds $5 million. Further, none of the exceptions to CAFA apply.

**RESPONSE:** **Reserving its right to compel arbitration of Plaintiff's claims against it, American Express states that, for purposes of this action only, it does not challenge jurisdiction, but denies that it violated the TCPA and denies that Plaintiff or the putative class are entitled to any relief whatsoever from American Express.**

5. This Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant solicits significant business in this District, resides and is

headquartered in this District, has entered into business contracts in this District, and a substantial part of the events or omissions giving rise to the claim occurred in or emanated from this District.

**RESPONSE:** **Reserving its right to compel arbitration of Plaintiff's claims against it, American Express states that, for purposes of this action only, it does not challenge venue, but denies that it violated the TCPA and denies that Plaintiff and the putative class are entitled to any relief whatsoever from American Express.**

## COMMON ALLEGATIONS OF FACT

6. American Express is a multinational financial services company headquartered in Manhattan.

**RESPONSE:** **American Express admits that it is a national bank with its main office in Utah. Except as expressly admitted, American Express denies the allegations in Paragraph 6.**

7. Part of American Express's business is to issue credit cards to businesses nationwide.

**RESPONSE:** **American Express admits that, at times, in compliance with applicable laws and regulations, it issues credit card accounts to businesses. Except as expressly admitted, American Express denies the allegations contained in Paragraph 7.**

8. Unfortunately for consumers, American Express is careless with its debt collection practices. That is, in an attempt to collect past due credit card debt, Defendant makes repeated pre-recorded telephone calls to consumers' telephones even if the consumer does not owe the debt and even if the consumer has advised American Express to stop calling.

**RESPONSE:** **American Express denies the allegations contained in Paragraph 8.**

9. Defendant's pre-recorded calling practices violates the TCPA.

**RESPONSE:** **American Express denies the allegations contained in Paragraph 9.**

10. At no time did Defendant obtain prior express consent from Plaintiff and the Class to receive the calls at issue. Further, Defendant does not stop calling even after any supposed prior express consent was obtained.

**RESPONSE:** **American Express denies the allegations contained in Paragraph 10.**

11. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the alleged Class, it intentionally and repeatedly violated the TCPA in the process.

**RESPONSE:** **American Express denies the allegations contained in Paragraph 11.**

## FACTS SPECIFIC TO PLAINTIFF

12. Plaintiff is the owner and customary user of a personal cellular telephone number ending in 4440.

**RESPONSE:** **American Express states that Paragraph 12 contains no allegations directed toward American Express and, therefore, it neither admits nor denies the allegations contained therein. To the extent a further response is required, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies the allegations contained therein.**

13. Until September 2016, Plaintiff was an employee of a company named Laser Prostate Centers of America ("LPCA"). As part of her work with LPCA, the company gave Plaintiff a company credit card to use for business expenses necessary for her job. This credit card was issued by American Express.

**RESPONSE:** **American Express states that Paragraph 13 contains no allegations directed toward American Express and, therefore, it neither admits nor denies the allegations contained therein. To the extent a further response is required, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, denies the allegations contained therein.**

14. When Plaintiff left LPCA in September 2016, she naturally turned the credit card into her employer and has not had access to the card since that time.

**RESPONSE:** **American Express states that Paragraph 14 contains no allegations directed toward American Express and, therefore, it neither admits nor denies the allegations contained therein. To the extent a further response is required, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies the allegations contained therein.**

15. Even though Plaintiff stopped working for American Express in September 2016, American Express began repeatedly calling her in 2019 for debt collection purposes related to the LPCA credit card.

**RESPONSE:** **American Express denies the allegations contained in Paragraph 15.**

16. Each of the 2019 calls featured an artificial or pre-recorded voice.

**RESPONSE:** **American Express denies the allegations contained in Paragraph 16.**

17. On several occasions, Plaintiff followed the prompts on the call and pressed a button to be connected with an operator. Upon being connected, Plaintiff explained that she did not owe the debt and that American Express should stop calling.

**RESPONSE:** **American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, denies the allegations contained therein.**

18. Eventually American Express did stop calling, but began calling again in 2020. Once again Plaintiff answered one or more of the 2020 calls, heard an artificial or pre-recorded voice, and followed the prompts to be connected to an operator, explain the situation, and ask that the calls stop.

**RESPONSE:** **American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies the allegations contained therein.**

19. Yet American Express has continued to call, including on March 16, 2021 and on April 15, 2021. Both of these calls featured an artificial or pre-recorded voice.

**RESPONSE:** **American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies the allegations contained therein.**

20. The April 15, 2021 pre-recorded call stated "This is the American Express account protection services. This is not a sales call. Please return this call at 1-888-800-5234 or by the phone number on the back of your card. We are available 24 hours a day every day. Please call us back at your earliest convenience. Thank you."

**RESPONSE:** **American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies the allegations contained therein.**

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and the Classes defined as follows:

> **No Consent Class**: All persons in the United States from four years prior to the filing of this action through the date notice is sent to the Class who (1) Defendant, or a third person acting on behalf of and/or for the benefit of Defendant, called; (2) on the person's telephone; (3) for the purpose of collecting a debt; (4) using an artificial or pre-recorded voice; and (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.
>
> **Stop Calling Class:** All persons in the United States from four years prior to the filing of this action through the date notice is sent to the Class who (1) Defendant, or a third person acting on behalf of and/or for the benefit of Defendant, called; (2) on the person's telephone; (3) for the purpose of collecting a debt; (4) using an artificial or pre-recorded voice; and (5) after the person advised Defendant that they did not owe the debt Defendant was calling about or that they wished for the calls to stop.

**RESPONSE:** **American Express admits that Plaintiff purports to bring this action on behalf of herself and on behalf of classes purportedly similarly situated persons. However, American Express denies that this action is appropriate for class treatment, and denies that Plaintiff and any person Plaintiff purports to represent are entitled to any relief whatsoever.**

22. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiffs anticipate the need to amend the class definitions following appropriate discovery regarding, *inter alia*, the size of the class, the equipment used to dial Plaintiffs, and the manner by which Defendant claim any prior express consent was obtained to call Plaintiffs.

**RESPONSE:** **American Express admits that Plaintiff purports to bring this action on behalf of herself and on behalf of classes purportedly similarly situated persons. However, American Express denies that this action is appropriate for class treatment, and denies that Plaintiff and any person Plaintiff purport to represent are entitled to any relief whatsoever.**

23. **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant or its agents have placed autodialed calls to thousands of consumers who fall into the defined Classes. The exact number of members of the Classes can be identified through Defendant's records (and the records of third parties) and by reference to other objective criteria.

**RESPONSE:** **American Express denies the allegations contained in Paragraph 23.**

24. **Typicality:** Plaintiffs' claims are typical of the claims of other members of the Classes in that Plaintiffs and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct.

MIA 31554627

**RESPONSE:** American Express denies the allegations contained in Paragraph 24.

25. **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiffs and their counsel have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs.

**RESPONSE:** **American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies the allegations contained therein.**

26. **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions go to the very heart of the litigation and predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

  (a) Whether Defendant's conduct violated the TCPA;

  (b) Whether Defendant and/or its agents made the calls using an artificial or pre-recorded voice;

  (c) Whether Defendant systematically made calls to telephone users who did not previously provide prior express consent;

  (d) Whether the calls were for debt collection purposes;

  (e) Whether Defendant honored "stop calling" requests; and

  (f) Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**RESPONSE:** American Express denies the allegations contained in Paragraph 26.

27. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards

all members of the Classes so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

**RESPONSE:** **American Express denies the allegations contained in Paragraph 27.**

28. **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

**RESPONSE:** **American Express denies the allegations contained in Paragraph 28.**

**FIRST CAUSE OF ACTION**
Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*
(On behalf of Plaintiff and the No Consent Class)

29. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**RESPONSE:** **American Express incorporates its responses to Paragraphs 1 through 28, above, as if fully set forth herein.**

30. Defendant made prerecorded calls to cellular and residential telephone numbers belonging to Plaintiff and other members of the No Consent Class without first obtaining prior express consent to receive such calls.

**RESPONSE:** **American Express denies the allegations in Paragraph 30.**

31. By making the prerecorded calls to Plaintiff and members of the No Consent Class without their prior express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A) and § 227(b)(1)(B).

**RESPONSE:** **American Express denies the allegations in Paragraph 31.**

32. The calls were for debt collection purposes.

**RESPONSE:** **American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, denies the allegations contained therein.**

33. As a result of Defendant's conduct, Plaintiff and the other members of the No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

**RESPONSE:** **American Express denies the allegations in Paragraph 33.**

34. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

**RESPONSE:** **American Express denies the allegations in Paragraph 34.**

35. To the extent third parties placed the calls, Defendant knowingly received the benefits of such calls and ratified the calls.

**RESPONSE:** **American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, denies the allegations contained therein.**

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiff and the Stop Calling Class)

36. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**RESPONSE:** **American Express incorporates its responses to Paragraphs 1 through 35, above, as if fully set forth herein.**

37. Defendant made unsolicited and unwanted debt collection calls which featured an artificial or pre-recorded voice to telephone numbers belonging to Plaintiff and the other members of the Stop Calling Class *after* the persons informed American Express that they did not owe the debt American Express was calling about and informed American Express that they no longer wished to receive calls from American Express.

**RESPONSE:** **American Express denies the allegations in Paragraph 37.**

38. By making unsolicited pre-recorded telephone calls to Plaintiff and members of the Stop Calling Class *after* they requested to no longer receive calls, American Express violated 47 U.S.C. § 227(b)(1)(A)(iii).

**RESPONSE:** **American Express denies the allegations in Paragraph 38.**

39. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Pre-recorded Stop Calling Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

**RESPONSE:** **American Express denies the allegations in Paragraph 39.**

40. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

**RESPONSE:**	American Express denies the allegations in Paragraph 40.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Classes, prays for the following relief:

A.	An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes, and appointing her counsel as Class Counsel;

B.	An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation ($1,500.00 for each willful violation), whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C.	An order declaring that Defendant's actions, as set out above, violate the TCPA;

D.	An order declaring that Defendant's actions, as set out above, were willful, and awarding treble damages;

E.	An injunction requiring Defendant to cease all unsolicited calling activities, and otherwise protecting the interests of the Class;

F.	An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

G.	Such other and further relief that the Court deems reasonable and just.

**RESPONSE:**	**Answering Plaintiff's Prayer for Relief, and each of its subsections, American Express denies that it engaged in any of the allegedly improper conduct alleged in the Complaint, denies any liability to Plaintiff, and denies that Plaintiff is entitled to any actual damages, statutory damages, treble damages, equitable or injunctive relief, declaratory relief, attorneys' fees or costs, or any relief whatsoever from American Express. American Express further denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and denies that Plaintiff and any person Plaintiff purports to represent are entitled to any relief whatsoever.**

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

**RESPONSE:** **American Express admits that Plaintiff has requested a trial by jury.**

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise lies with Plaintiff, American Express alleges the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**Arbitration**

This Court lacks jurisdiction of Plaintiff's claims, and the claims of any person she purports to represent that has an account with American Express, due to the presence of binding arbitration clauses contained in American Express's account agreements.

**SECOND AFFIRMATIVE DEFENSE**

**Failure to State a Claim**

The Complaint fails to set forth facts sufficient to state a claim against American Express.

**THIRD AFFIRMATIVE DEFENSE**

**Consent**

Plaintiff, and any person she purports to represent, are barred from recovery on the Complaint and each purported claim alleged therein because they consented to, and acquiesced in, American Express's purported conduct.

**FOURTH AFFIRMATIVE DEFENSE**

**Ratification**

Plaintiff, and any person she purports to represent, ratified the conduct alleged in the Complaint and are therefore barred from recovery against American Express.

### FIFTH AFFIRMATIVE DEFENSE

### Waiver

The Complaint is barred by the conduct, actions and inactions of Plaintiff, and any person she purports to represent, which amount to and constitute a waiver of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

### Estoppel

The Complaint is barred by the conduct, actions, and inactions of Plaintiff, and any person she purports to represent, which amount to and constitute an estoppel of the claims and any relief sought thereby.

### SEVENTH AFFIRMATIVE DEFENSE

### Laches

Plaintiff, and any person she purports to represent, unreasonably have delayed taking action in connection with the alleged claims asserted in the Complaint, causing substantial prejudice to American Express, and such claims therefore are barred pursuant to the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

### Unclean Hands

Plaintiff, and any person she purports to represent, are precluded from any recovery from American Express, or any such recovery (if any) must be reduced, as a result of Plaintiff's failure, and the failure of any person she purports to represent, to do equity in the matters alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

Although American Express denies that Plaintiff, and any person she purports to represent, suffered any damages, to the extent any damages have been suffered, Plaintiff, and any person she purports to represent, failed to take proper and reasonable steps to mitigate those damages.

## TENTH AFFIRMATIVE DEFENSE

### Intervening Conduct

Plaintiff, and any person she purports to represent, are barred from recovery in that any damage sustained by Plaintiff, and any person she purports to represent, was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of other parties, including but not limited to independent third parties or their agents, and not any act or omission on the part of American Express.

## ELEVENTH AFFIRMATIVE DEFENSE

### Apportionment

To the extent Plaintiff, and any person she purports to represent, suffered any damages as a result of the matters alleged in the Complaint, which American Express expressly denies, American Express is not legally responsible for such damages.  However, if American Express is found to be legally responsible in any manner, then American Express is not the sole and proximate cause of any injuries and damages awarded to Plaintiff, and any person she purports to represent, and any damages are to be apportioned in accordance with the fault and legal responsibility of all parties, persons and entities, or the agents, servants and employees of such parties, persons and entities, who contributed to and/or caused said damages according to proof

MIA 31554627

presented at the time of trial, and to the extent necessary, American Express may be entitled to indemnity from others on a comparative fault basis.

## TWELFTH AFFIRMATIVE DEFENSE

### Standing

Plaintiff, and any person she purports to represent, lacks standing to assert the claims asserted in this action against American Express.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Due Process

The imposition of liability and/or statutory damages as sought in the Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Set Off

To the extent Plaintiff, and any person she purports to represent, has an account with American Express where there is an outstanding balance, American Express is entitled to a set off based upon their failure, if any, to pay a sum due on said accounts.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Violation Of The Constitution

The fines and/or penalties sought by Plaintiff, and any person she purports to represent, pursuant to the TCPA violate the Excessive Fines Clause of the Eight Amendment and the Takings Clause of the Fifth Amendment of the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Safe Harbor

American Express alleges that the claims of Plaintiff, and any person she purports to represent, for relief are barred because the alleged conduct, in which American Express denies that it participated, complied with the provisions of applicable F.C.C. regulations, including without limitation the safe harbor provisions of 47 C.F.R. § 64.1200.

## RESERVATION OF RIGHTS

American Express expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

**WHEREFORE, American Express requests the following relief:**

(1) That the Complaint be dismissed with prejudice;

(2) That Plaintiff, and any person she purports to represent, take nothing by virtue of the Complaint;

(3) That judgment be entered against Plaintiff and in favor of American Express;

(4) That the Court award American Express its attorneys' fees, expenses and costs to the full extent permitted by law; and

(5) For such other relief as the Court deems just and proper.

Dated: New York, New York  
       February 28, 2022

STROOCK & STROOCK & LAVAN LLP

By: */s/ Raymond A. Garcia*  
      Raymond A. Garcia

180 Maiden Lane  
New York, New York 10038  
Telephone: 212-806-5400  
Fax: 212-806-6006  
Email: rgarcia@stroock.com  
       lacalendar@stroock.com

Attorneys for Defendant  
AMERICAN EXPRESS NATIONAL BANK, erroneously named as AMERICAN EXPRESS COMPANY

## CERTIFICATE OF SERVICE

I, Raymond A. Garcia, hereby certify that on February 28, 2022, I caused a true and correct copy of the foregoing Answer to Complaint and Affirmative Defenses of American Express National Bank to be served via electronic filing on all counsel of record.

Dated: February 28, 2022            By:   */s/ Raymond A. Garcia*
                                                  Raymond A. Garcia